**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Juan Ortega Humar,<br><br>            Defendant. | No. 20-01118MJ-001-PHX-JFM<br><br>**ORDER** |

Pending before the Court is Defendant Juan Ortega Humar's Appeal of the Magistrate Judge's Detention Order Pursuant to 18 U.S.C. § 3145(b) (Doc. 14). For reasons that follow, the Motion is denied.

**I.    BACKGROUND**

Defendant is charged in a Criminal Complaint with one count of Importation of a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, §§ 952, 960(a)(1) and (b)(1)(H), and one count of Possession of a Controlled Substance (Methamphetamine) with Intent to Distribute, in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A)(viii). (Doc. 1.) The charges stem from Defendant's alleged transportation of 72.74 pounds of methamphetamine across the United States-Mexico border. (*Id*.) Defendant was temporarily detained pending a preliminary hearing and detention hearing. (Doc. 2.) Defendant later waived his right to a preliminary hearing, and the Magistrate Judge found probable cause for the Complaint to proceed, based on the Complaint and accompanying affidavit. (Doc. 7.) At the detention hearing, the Magistrate

Judge found that there was probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act. (Doc. 12.) The Magistrate Judge further found that Defendant is a flight risk and that there are no conditions of release that would reasonably assure his appearance. (*Id*.) Accordingly, the Magistrate Judge ordered Defendant detained pending trial. (*Id*.)

Defendant has moved, pursuant to 18 U.S.C. § 3145(b), to revoke the Magistrate Judge's detention order. (Doc. 14.) The Court has considered Defendant's Appeal (Doc. 14), the Government's Response (Doc. 16), Defendant's Reply (Doc. 17), the Complaint (Doc. 1), the Pretrial Services Bail Report and Addendum (Docs. 4, 8), and the transcript of the detention hearing. For the following reasons, the Court finds that Defendant should be detained pending trial.

## II.     LEGAL STANDARD

If a person is ordered detained by a magistrate judge, the person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court's review of a magistrate judge's detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The district court must review the evidence that was before the magistrate judge and "make its own independent determination whether the magistrate judge's findings are correct, with no deference." *Id*. In doing so, the district court may, but is not required to, conduct additional evidentiary hearings. *Id*.

Under the Bail Reform Act, the United States may only move for pretrial detention of a defendant in cases that fall into one of seven categories. 18 U.S.C. § 3142(f)(1)(A)-(E), (2)(A)-(B). Four of these categories center on the crime charged, including whether the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act. *See* 18 U.S.C. § 3142(f)(1)(A), (B), (C), (E). The remaining categories involve cases in which the defendant has a particular set of prior

convictions, cases that involve a serious risk of flight, and cases involving obstruction of justice, witness tampering, or jury tampering. 18 U.S.C. § 3142(f)(1)(D), (2)(A)-(B). The Government has the burden to show by a preponderance of the evidence that a case falls into one of these categories. *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) (*citing United States v. Friedman*, 837 F.2d 48, 49 (2d. Cir. 1988).

In cases where there is probable cause to believe the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act, the Court is to begin its inquiry with a rebuttable presumption that no combination of release conditions will reasonably assure the appearance of the defendant or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). This presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers evidence to rebut the presumption of dangerousness or flight risk, the Court then considers four factors in determining whether to detain or a release the defendant: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and statutorily specified characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. *Id*.; 18 U.S.C. § 3142(g)(1)-(4).

The Court must release a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). A finding that a person presents a danger to the community must be proved by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government's burden in denying bail on the basis of flight is preponderance of the evidence. *Id*. at 1407.

### III. ANALYSIS

#### A. Rebuttable Presumption

As a threshold matter, the Court finds that Defendant is charged with a crime for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act, and that the Government was therefore entitled to seek detention. (Doc. 1.) The parties additionally agree that there is a rebuttable presumption of detention based on the quantity of drugs allegedly possessed by Defendant. (Doc. 17 at 3.) Based on the Pretrial Services Report and Addendum (Doc. 8), which note the possibility of a third-party custodian in Yuma, Arizona, the Court concludes that Defendant met his burden of production with regard to flight. The Court will therefore consider the four factors in 18 U.S.C. § 3142(g)(1)-(4).

#### B. Flight Risk

The Court finds that the Government has met its burden of showing by a preponderance of the evidence that Defendant poses a serious risk of flight, and that no conditions of release will reasonably assure his appearance.[1] In making this determination, the Court has considered the nature and circumstances of the offenses, which are serious and carry a minimum sentence of 10 years upon conviction. According to the Complaint, Defendant applied for admission to the United States through the San Luis, Arizona Port of Entry. He was the driver and sole occupant of a Dodge Dakota truck. Inspecting officers searched the truck after a narcotics detection dog alerted to his vehicle. Concealed in the gas tank of the truck were sixty-five cellophane-wrapped packages, weighing 72.74 pounds. Three of the packages were selected for field testing and tested positive for methamphetamine. When special agents told Defendant that drugs were found in his truck, Defendant told them that he had taken his truck to a mechanic the week prior to replace the fuel pump even though agents had not relayed to Defendant that the drugs were discovered in the gas tank. Defendant also could not provide the location of the mechanic who had

---

[1] Because the Court finds that detention is appropriate on the basis of flight, the Court need not address the Government's alternate argument that Defendant constitutes a danger to the community. (Doc. 16 at 6.)

allegedly serviced his truck.

The Court has also considered the weight of the evidence against Defendant but assigned little weight to this factor in making the detention decision. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

Next the Court considered the statutorily specified history and characteristics of Defendant. *See* 18 U.S.C. § 3142(g)(3)(A), (B). Defendant was born in Mexico and is a legal permanent resident of the United States. Defendant owns a house in Mexico and resides in Mexico with his wife, who has no legal status to enter the United States. Defendant was traveling from Mexico when he committed the alleged offenses. Defendant has no assets. Although Defendant has apparently worked in the agriculture industry for forty years, neither Defendant nor Defendant's sister were able to verify that he is currently employed. The Court also notes that Defendant has a criminal history, which the Court assigns minimal weight due to the age and nature of the past offenses.[2] Slightly more relevant are the probation violation from 2001 (for which Defendant spent 20 days in jail) and the arrest warrant from 1996, which was issued when Defendant failed to appear in a marijuana distribution case. (Doc. 4 at 3.) The Court has further considered that Defendant is 60-years-old and reports that he suffers from seizures. (Reporter's Transcript "R.T." 03/19/2020, at 4.) The Court concludes that the history and characteristics of Defendant demonstrate overall that he is a serious flight risk.

Defendant argues that his sister, who resides in Somerton, Arizona, is a suitable third-party custodian for him, and that the Court can assure his appearance by releasing him to her. (Doc. 14 at 14.) The Court disagrees. She is unable to post a bond on Defendant's behalf; she was unable to appear at the detention hearing because she was caring for her husband who was recovering from heart surgery; and an automated criminal record inquiry revealed that Defendant's sister has a misdemeanor conviction from 2016 for failing to appear. Defendant asks the Court to disregard his sister's failure to appear because she missed her court appearance to care for her sick husband. (Doc. 17 at 5). But

---

[2] Pretrial Services reported that Defendant has three misdemeanor driving under the influence convictions between 1996 and 2000.

even if her failure to appear was not willful, the Court has concerns about the sister's suitability to be a third-party custodian for Defendant.

Given the seriousness of the alleged offenses, the potential sentences Defendant faces, Defendant's strong ties to Mexico, and his lack of strong ties to the United States, the Court finds that there are no conditions of release that would assure Defendant's appearance.

### C.     COVID-19

Defendant argues that the "scales of justice weigh even more heavily" toward releasing him because his age and history of seizures make him more susceptible to contracting the highly contagious strain of the coronavirus, known as COVID-19.  (Doc. 17 at 5.)  The Court is mindful that Defendant is 60 years old and that he reports a history of seizures and dental pain due to his missing teeth, (R.T. 03/19/2020, at 3-4); (Doc. 14 at 7-8). The Court has considered these characteristics within the framework of 18 U.S.C. § 3142(g)(3)(A).  But the COVID-19 pandemic does not alter the statutory factors that Congress prescribed for determining whether detention is appropriate. *See United States v. Johnson*, No. 18CR4955-H, at *2, 2020 WL 2092904 (S.D. Cal. May 1, 2020) (*citing United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D. D.C. Mar. 30, 2020).

The Court also rejects Defendant's argument that his continued detention violates the Fifth Amendment's Due Process Clause. (Doc. 14 at 8-13.)  Pretrial detainees have a right to be free from detention conditions that amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  But if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.  *Id*. at 539.  Here, Defendant does not challenge a particular condition or restriction of his pretrial detention—he challenges his detention altogether. Detention imposed to secure a defendant's appearance is not punitive. *See United States v. Salerno*, 481 U.S. 739, 748 (1987).  The Court therefore finds that Defendant's confinement is reasonably related to the Government's legitimate interest in assuring his

presence for trial, and the COVID-19 pandemic does not alter the analysis under the Due Process Clause. *See United States v. Cox*, No. 2:19-cr-00271-RFB-VCF, at *6, 2020 WL 1491180 (D. Nev. Mar. 27, 2020). Finally, Defendant's general allegations about pretrial confinement inhibiting his ability to adhere to social distancing guidelines and maintain personal sanitation are insufficient to conclude that CoreCivic has been deliberately indifferent to his medical needs. (*See* Doc. 14 at 12.)

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** denying Defendant's Appeal of the Magistrate Judge's Detention Order Pursuant to 18 U.S.C. § 3145(b).  (Doc. 14).

Dated this 29th of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge